NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW ADELMAN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>U.S. SPECIALTY INSURANCE<br>COMPANY; GREAT AMERICAN<br>INSURANCE COMPANY,<br><br>               Defendants-Appellees. | No.   22-15048<br><br>D.C. No. 21-cv-02758-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
For the Northern District of California
Jon S. Tigar, District Court Judge, Presiding

Argued and Submitted December 9, 2022
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BOUGH,[**] District Judge.

In March 2017, Sungevity, Inc. ("Sungevity") conducted mass layoffs and

went bankrupt. A class of laid off employees, including class representative

Andrew Adelman, (collectively "Adelman") sued the company for violations of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Workers Adjustment and Retraining Act ("WARN Act") and related state laws. The case settled, and Adelman was assigned the right to sue Sungevity's Directors and Officers. The suit against the Directors and Officers settled, and Adelman was assigned the right to sue Sungevity's insurers, U.S. Specialty Insurance Company and Great American Insurance Company ("Insurers"), for coverage. After Adelman brought the instant case pursuant to that assignment, the Insurers filed a motion to dismiss, arguing that their insurance contract with Sungevity excluded coverage for the claims. The district court granted the motion, and we affirm.

We review a motion to dismiss de novo. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). Accepting all well-pleaded facts as true, we must decide if the complaint offers sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because this is a diversity action, interpretation of the insurance contract is governed by the law of the forum state, California. *See Encompass Ins. Co. v. Coast Nat'l Ins. Co.*, 764 F.3d 981, 984 (9th Cir. 2014). Under California law, the Insurers bear the burden of proving an exclusion applies. *See MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003).

2

We agree with the Insurers that Exclusion (L) bars Adelman's claim.[1]  As relevant here, Exclusion (L) reads:  "the Insurer will not be liable to make any payment of Loss in connection with a Claim . . . for any actual or alleged violation of any provision of . . . the Worker Adjustment and Retraining Notification Act . . . or any other similar provisions [of state law]."  A "loss" is defined in relevant part as:  "Defense Costs and any damages, settlements, judgments, back pay awards and front pay awards or other amounts . . . that an Insured is legally obligated to pay as a result of any Claim . . . ."  A "claim" includes "any civil proceeding commenced by service of a complaint or similar pleading."  The key question we must address is whether the losses stemming from the Directors' and Officers' breach of their fiduciary duties are connected to a claim for violation of the WARN Act and related state laws.

To answer that question, we turn to Adelman's complaint in the state law action for which he seeks coverage.  The first cause of action in the complaint alleged that the Directors and Officers "breached their fiduciary duties to Sungevity when they ordered a mass layoff . . . without complying with the WARN Act and California WARN Act notice requirements or California and Missouri wage-payment laws."  The second cause of action alleged that each of the

---

[1] Because we find Exclusion (L) bars coverage, we do not address the parties' arguments about Exclusion (F).

Directors and Officers "aided and abetted . . . breaches of fiduciary dut[ies]" by "caus[ing] the company to conduct a mass layoff . . . without complying with the WARN Act and California WARN Act notice requirements or California and Missouri wage-payment laws." Adelman sought $3,500,000 in damages from the Directors and Officers, as well as costs and any other relief the court deemed proper.

We conclude that those damages—and the corresponding losses to the Insured that a judgment favorable to Adelman would impose—are connected to a claim for a violation of the WARN Act, and thus barred by Exclusion (L), for two reasons. First, the losses are connected to the original WARN Act suit against Sungevity. Adelman was only able to sue the Directors and Officers because he was assigned the right to sue from Sungevity after Sungevity settled its own suit with Adelman for violating the WARN Act and related state laws. Moreover, the $3,500,000 in damages sought from the Directors and Officers is the settlement amount from Sungevity's settlement with Adelman for Sungevity's violation of the WARN Act and related state laws.

Second, by the complaint's plain language, both causes of action required Adelman to show that the Directors and Officers caused Sungevity to violate the WARN Act and related state laws to succeed. Thus, any losses from the suit against the Directors and Officers would be losses for a violation of the WARN

4

Act and related state laws. We note that this conclusion is in accord with the most closely analogous California case, relied on by both parties. *See Medill v. Westport Ins. Corp.*, 49 Cal. Rptr. 3d 570, 579 (Ct. App. 2006) (holding that exclusion applied when "[a]ll of the allegations against the directors and officers [arose] out of" breach of excluded contract).

**AFFIRMED.**